IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. BARR, III, <br><br> Petitioner, <br><br> v. <br><br> DAVID PIERCE, Warden, and <br> ATTORNEY GENERAL OF THE <br> STATE OF DELAWARE, <br><br> Respondents. | Civil Action No.13-1197-RGA |

## **MEMORANDUM OPINION**

James A. Barr, III. *Pro se* Petitioner.

Karen V. Sullivan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

August 6, 2014

ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently pending before the Court is Petitioner James A. Barr, III's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3) The State filed an Answer in opposition, contending that the Petition should be dismissed as procedurally barred. (D.I. 11) For the reasons discussed, the Court will dismiss the Petition.

## I. BACKGROUND

In October 2011, Petitioner picked up Cheryl Truitt ("Truitt"), her three-month old baby, and a friend of Truitt's to do some errands. (D.I. 11 at 1, 16) When they were returning home, Petitioner began to speak to Truitt as though they were in a relationship. Truitt said she was not his girlfriend, and the two began arguing. They were still arguing when Petitioner dropped off Truitt's friend at her home. Shortly after they pulled away from the friend's home, Petitioner slammed on the brakes, pulled a knife out of his pants and told Truitt he was going to kill her. Truitt tried to take the knife away from Petitioner, but cut herself. She then got out of the car, grabbed the car seat containing the baby from the backseat and tried to run away. Petitioner caught Truitt and pushed her up against a wall, which caused Truitt to drop the car seat. Petitioner forced Truitt's head up in order to slice her neck, but lost his grip and stuck the knife in her mouth, chipping her front tooth and cutting her lips. Petitioner pulled the knife out and cut Truitt's face. (D.I. 11 at 1, 2, 16-17)

Truitt's friend saw the car stop and saw Truitt get out of the car and attempt to run away from Petitioner. (D.I. 11 at 17) When she realized Petitioner had a knife, she called the police and screamed at Petitioner, which allowed Truitt to escape. Truitt's friend grabbed the car seat and refused to hand the baby over to Petitioner despite the fact that he was threatening her with a knife. Petitioner threatened Truitt's friend and then fled the scene. *Id.*

1

Petitioner was arrested in October, 2011 and was subsequently indicted on the charges of first degree assault, possession of a deadly weapon during the commission of a felony ("PDWDCF"), terrorist threatening, and endangering the welfare of a child. (D.I. 11 at 2) On May 24, 2012, Petitioner pled guilty to second degree assault as a lesser included offense of first degree assault and to PDWDCF. On August 3, 2012, the Delaware Superior Court sentenced Petitioner, effective as of October 29, 2011, to a total of twenty years at Level V incarceration, suspended after twelve years to Level IV supervision, suspended after eight months for two years at Level III supervision with TASC supervision. (D.I. 11 at 3) He did not appeal his convictions or sentence.

Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on October 12, 2012, and a motion for reconsideration of his sentence on October 22, 2012. (D.I. 11 at 3) The Superior Court denied the motion for reconsideration of sentence because it raised a claim of ineffective assistance of counsel that should be considered part of his previously filed Rule 61 motion. *Id.*

After reviewing defense counsel's affidavit in response to Petitioner's Rule 61 motion and Petitioner's reply, the Superior Court denied the Rule 61 motion on January 14, 2013. *See State v. Barr*, Case No. 1110019632, Order, J. Streett (Del. Super. Ct. Jan. 14, 2013). Petitioner filed a notice of appeal on March 1, 2013, which the Delaware Supreme Court denied as untimely on March 19, 2013. (D.I. 11 at 3; D.I. 13, *Barr v. State*, No. 88, 2013, Notice to Show Cause dated Mar. 1, 2013 and Order of Dismissal dated Mar. 19, 2013)

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the

2

petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines*, 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the

3

claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2005); *Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002).

4

## III. DISCUSSION

Petitioner timely filed the § 2254 Petition presently pending before the Court. The sole claim in the Petition asserts that defense counsel provided ineffective assistance during the plea process by failing to inform Petitioner that the State did not know Truitt's whereabouts and that there were no medical records documenting Truitt's injuries. Although Petitioner presented this ineffective assistance of counsel claim to the Superior Court in his Rule 61 motion and to the Delaware Supreme Court on post-conviction appeal, the Delaware Supreme Court denied the appeal as untimely pursuant to Delaware Supreme Court Rule 6. (D.I. 13, *Barr v. State*, No.88, 2014, Notice to Show Cause dated March 1, 2013 and Order of Dismissal dated March 19, 2013) By applying the procedural bar of Delaware Supreme Court Rule 6, the Delaware Supreme Court articulated a "plain statement" under *Harris* that its decision rested on state law grounds. In turn, Delaware Supreme Court Rule 6 constitutes an independent and adequate state procedural rule. *See Smith v. Williams,* 2003 WL 22937773, at *2-3, 5 (D. Del. Sept. 30, 2003). Thus, the Court must treat the instant claim as exhausted but procedurally defaulted, meaning that it cannot review its merits absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

Petitioner has not alleged, and the Court cannot discern, any cause for his procedural default of the only claim in his Petition. In the absence of cause, the Court will not address the issue of prejudice. In addition, Petitioner has not satisfied the miscarriage of justice exception to the procedural default doctrine because he has not provided new reliable evidence of his actual innocence. Indeed, the guilty plea colloquy includes Petitioner's own words describing his felonious conduct. (D.I. 11 at 29-30) Accordingly, the Court will deny the Petition as procedurally barred.

5

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is procedurally barred from habeas review. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied as procedurally barred. An appropriate Order will be entered.